UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

BYRON BREEZE, JR., )
)
    Plaintiff, )
)
v. ) Case No. 1:22-cv-1305
)
DISTRICT DOUGHNUT LLC, )
d/b/a DISTRICT DOUGHNUT, et al., )
)
    Defendants. )
)

**ANSWER OF DEFENDANT ANDREA VERANO, LLC**

Comes now Defendant Andrea Varano, LLC ("Defendant"), thought undersigned counsel, and hereby answers the Complaint of Plaintiff Byron Breeze., Jr. as follows:

**I.
Affirmative Defenses**

1. Plaintiff's claims are barred, in whole or in part, due to the fact that he lacks standing to sue.

2. Plaintiff's claims are barred, in whole or in part, due to the failure to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred, in whole or in part, due to the fact that the claims are moot.

4. Plaintiff's claims are barred, in whole or in part, due to the fact that Plaintiff has not sustained any damages as alleged.

5. Defendant denies the allegations contained in any un-numbered or mis-numbered paragraphs and denies any allegations contained in the prayer for relief.

6. Defendant reserves the right to supplement this list of Affirmative Defenses as warranted by discovery.

## II.
## Responses to Specific Allegations

### JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is necessary.

2. Paragraph 2 of the Complaint contains legal conclusions to which no response is necessary.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is necessary.

### THE PARTIES

4. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 4 of the Complaint, including those asserted in footnote 1.

5. The beginning half of paragraph 5 contains a legal conclusion to which no response is necessary. Defendant lacks sufficient information to admit or deny the allegations contained in the remainder of paragraph 5 with respect to Plaintiff's physical disabilities.

6. The allegations of paragraph 6 are admitted.

7. Defendant admits that District Doughnuts, LLC leases real property and operates a "facility" called "District Doughnuts" which is located at 749 8th St., SE, Washington, D.C. and that District Doughnuts controls what Plaintiff refers to as the Subject Facility.

8. Defendant admits that it is a District of Columbia limited liability company that conducts business in the District of Columbia and that it owns the real property and improvements known as 749 8th St., SE, Washington, D.C. which Plaintiff refers to as the Subject Facility. Defendant denies the allegations as to whether it "maintains and controls" the Subject Facility as the property is leased to a tenant. Defendant admits that District Doughnuts, LLC operates a doughnut bakery

on the premises. Whether the premises is a "public accommodation" is a legal conclusion to which no response is required.

9. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint.

10. Defendant lacks information about the events giving rise to the suit. The remaining allegations of paragraph 10 of the Complaint are legal conclusions to which no response is necessary.

## COUNT I

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

11. Defendant incorporates herein by reference the responses to specific allegations contained in the foregoing paragraphs as if fully set forth.

12. The allegations of paragraph 12 are admitted.

13. In paragraph 13 of the Complaint, including subparts, Plaintiff appears to be referencing, paraphrasing or summarizing a written document or written documents. Defendant states that the best evidence of that document's contents is the document itself and Defendant denies any allegation which differs therefrom.

14. In paragraph 14 of the Complaint, including subparts, Plaintiff appears to be referencing, paraphrasing or summarizing a written document or written documents. Defendant states that the best evidence of that document's contents is the document itself and Defendant denies any allegation which differs therefrom.

15. The legislation referenced in paragraph 15 of the Complaint speaks for itself.

16. The legislation referenced in paragraph 16 of the Complaint speaks for itself.

17. The legislation referenced in paragraph 17 of the Complaint speaks for itself.

18. Defendant lacks sufficient information to admit or deny the allegations of paragraph 18 of the Complaint.

19. In paragraph 19 of the Complaint, Plaintiff appears to be referencing, paraphrasing or summarizing a written document or written documents. Defendant states that the best evidence of that document's contents is the document itself and Defendant denies any allegation which differs therefrom.

20. The legislation referenced in paragraph 20 of the Complaint speaks for itself.

21. Paragraph 21 of the Complaint contains legal conclusions to which no response is necessary. To the extent that the allegations are deemed factual, Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint, including subparts, contains legal conclusions to which no response is necessary. To the extent that the allegations of paragraph 22 of the Complaint are deemed factual, Defendant states that it lacks sufficient information to admit or deny the allegations of paragraph 22 of the Complaint.

23. Defendant lacks sufficient information to admit or deny the allegations of paragraph 23 of the Complaint.

24. Defendant lacks sufficient information to admit or deny the allegations of paragraph 24 of the Complaint.

25. Defendant lacks sufficient information to admit or deny the allegations of paragraph 25 of the Complaint. To the extent that Plaintiff contends that Defendant is undertaking acts which constitute violations of the referenced statute and guidelines, those claims are denied.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Defendant lacks sufficient information to admit or deny the allegations of paragraph 28 of the Complaint.

29. Defendant admits that this Court has the authority to enter an injunction but denies sufficient information to admit or deny that there is any basis to enter the injunction requested.

30. Defendant lacks sufficient information to admit or deny the allegations of paragraph 30 of the Complaint. Defendant denies that there is any reason for it to pay Plaintiff's attorney's fees as requested.

## COUNT II

## VIOLATIONS OF THE DCHRA

31. Defendant incorporates herein by reference the responses to specific allegations contained in the foregoing paragraphs as if fully set forth.

32. The statute referenced in paragraph 32 of the Complaint speaks for itself.

33. Paragraph 33 of the Complaint contains a legal conclusion to which no response is necessary.

34. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint contains legal conclusions to which no response is necessary; to the extent that the allegations of paragraph 35 of the Complaint are deemed to be factual, they are denied.

36. Paragraph 36 of the Complaint contains legal conclusions to which no response is necessary; to the extent that the allegations of paragraph 36 of the Complaint are deemed to be factual, they are denied.

37. Omitted by Plaintiff.

38. Omitted by Plaintiff.

39. Omitted by Plaintiff.

40. Defendant lacks sufficient information to admit or deny the allegations of paragraph 40 as to Plaintiff's obligation and reason to secure counsel.  The remaining allegations of paragraph 40 of the Complaint are legal conclusions to which no response is necessary.

41. Defendant admits that Plaintiff demands compensatory damages; Defendant denies there is any reason to award Plaintiff compensatory damages against Defendant.

42. Omitted by Plaintiff.

43. Defendant denies sufficient information to admit or deny that Plaintiff is experiencing unlawful discrimination as alleged.  To the extent that Plaintiff suggests that Defendant is unlawfully discriminating against Plaintiff, Defendant denies any such allegation.

44. Defendant admits that this Court is vested with the authority to grant injunctive relief; Defendant denies that there is a basis to grant the relief requested.

45. Defendant denies the allegation of paragraph 45 of the Complaint.

46. Defendant denies the allegation of paragraph 46 of the Complaint.

WHEREFORE, fore the foregoing reasons, Defendant requests that this Court:

A. Dismiss Plaintiff's claims with prejudice;

B. Deny all of Plaintiff's request for equitable or legal relief;

C. Deny Plaintiff's request for an award of attorneys' fees;

D. Deny Plaintiff's request for injunctive relief;

E. Deny Plaintiff's request to compel Defendant to undertake renovations/modifications to the subject premises;

F. Deny Plaintiff's request for closing the premises to business; and

G.      Award Defendant any and other relief as this Court deems just and proper in this case.

### III.

### General Denial

Except as specifically admitted herein, Defendant denies all other allegations.

Respectfully submitted,

/s/ Jesse D. Stein
Jesse D. Stein, D.C. Bar 465504
Policastri Law Firm, LLC
600 Jefferson Plaza, Suite 308
Rockville, MD 20852
T:    (240) 660-2219
F:    (240) 235-4399
E:    jesse@policastrilawfirm.com

Counsel for Defendant Andrea Varano, LLC

### Certificate of Service

I hereby certify that on the 5th day of July 2022, the foregoing was served by PACER on counsel of record for Plaintiff and served by United States mail on District Doughnuts, LLC.

/s/ Jesse D. Stein
Jesse D Stein